E-FILED
Monday, 08 March, 2021  12:39:39 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEONARDO McCRAY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 20-4248-JBM** |
| | ) | |
| **JANE DOE, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## MATERIAL FACTS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff

1

has filed a scattershot complaint, naming 22 Defendants and asserting 38 incidents of unconstitutional conduct from September 29, 2016 through September 18, 2020. Plaintiff seeks injunctive relief as well as money damages.

Plaintiff's complaint is more in the form of a summary, alleging that over a course of six years he received numerous tickets for masturbating in front of female staff. Plaintiff does not deny having done so but claims that the unidentified staff members gave him permission. Plaintiff claims that he was not aware that they were writing him up for the infractions, although he also pleads that he was frequently sent to isolation on the Fox Unit after being found guilty of the offenses.

Plaintiff does not identify any of the individuals who allegedly gave him permission to masturbate and who otherwise "enticed' him. It appears that the 22 named Defendants were those members of the Behavioral Committee members who found him guilty of the 38 infractions. Plaintiff seeks injunctive relief; that the SVP petition against him be withdrawn, that the disciplinary findings be expunged and that he be awarded damages of $1300 for each false ticket and $2500 for each month of his civil commitment.

## ANALYSIS

While, Plaintiff would assert that he was wrongly convicted of public masturbation, he has admitted to this conduct, although he claims he was given permission. Plaintiff also claims to have been set-up by staff as he did not know that they were writing disciplinary tickets for the conduct they had allegedly encouraged. This, however, is belied by Plaintiff's own pleadings wherein he claims to have frequently been sentenced to Fox Unit isolation in punishment for the violations. It is clear that Plaintiff cannot articulate a claim regarding "false" disciplinary charges

where he has admitted to engaging in the conduct with which he was charged. Plaintiff's complaint, therefore, is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile for the indicated reason. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)   If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

 

<u>   3/8/2021   </u>                                    <u>      s/Joe Billy McDade       </u>
ENTERED                                                   JOE BILLY McDADE
                                                         UNITED STATES DISTRICT JUDGE

3